UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE DOE, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:22-cv-00368-NT |
| | ) | |
| LLOYD J. AUSTIN, II, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON AMENDED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

Plaintiffs seek leave to proceed under pseudonyms. (Amended Motion for Leave to Proceed Under Pseudonyms, ECF No. 6.) Defendants do not oppose the motion. Following a review of Plaintiffs' motion and after consideration of the relevant issues, the Court grants the motion.

### BACKGROUND

Plaintiffs are transgender women who have been diagnosed with gender dysphoria, a medical condition for which they require treatment. (Amended Motion at 1.) As dependents of their fathers, who are retired servicemembers, Plaintiffs receive health care benefits through the United States military's healthcare plan. (*Id*.) Plaintiffs allege Defendants denied coverage for the required treatment in violation of their Due Process and Equal Protection rights under the Fifth Amendment to the United States Constitution and in violation of the federal Rehabilitation Act. (Amended Complaint, ECF No. 5.)

Plaintiffs maintain that their anonymity is necessary to avoid harassment and the risk of mental and physical harm. (Amended Motion at 4-5, 8.)

## DISCUSSION

Generally, the "title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also*, Fed. R. Civ. P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest.") Courts, however, have recognized exceptions to this rule, and under certain circumstances have permitted a party to proceed under a pseudonym. The First Circuit described the analysis that should govern a trial court's assessment of a request to proceed under a pseudonym:

> A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account. In most cases, the inquiry should focus upon the extent to which the facts align with one or more of the following paradigms: whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential. Because these paradigms are framed in generalities, a court enjoys broad discretion to quantify the need for anonymity in the case before it. This broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest.

*Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 72 (1st Cir. 2022).

Here, Plaintiffs assert that they do not openly disclose to others that they are transgender for fear of harassment and violence. (Motion at 4; Declaration of Jane Doe ¶¶ 7-8, ECF No. 6-1; Declaration of Susan Roe ¶¶ 7, 9, ECF No. 6-2.) The concern is valid. Courts have recognized that transgender individuals have been subjected to harassment and violence. *See Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 339 (E.D. Pa. 2021). ("With regard to transgender people specifically, courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as well as the widespread discrimination, harassment, and violence faced by [transgender individuals]."); *see also Foster v. Anderson*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) (collecting cases). As Plaintiffs argue, disclosure of their identities could also potentially result in the scrutiny and harassment of non-parties, including their parents. (Amended Motion at 5-6.) Furthermore, as reflected by Plaintiffs' declarations, if Plaintiffs are not permitted to proceed pseudonymously, Plaintiffs and other transgender individuals might not assert claims for relief in court regardless of the merit of the claims. (Decl. of Jane Doe ¶ 11; Decl. of Susan Roe ¶ 12.) In other words, the denial of Plaintiffs' request could deter, "to an unacceptable degree, similarly situated individuals from litigating." *Doe v. Mass. Inst. of Tech.*, 46 F.4th at 72.

The compelling reasons favoring Plaintiffs' request are contrasted with the lack of a significant need for the public to know Plaintiffs' identities. The public can evaluate the Court's assessment of the issues in the case without the knowledge of Plaintiffs' identities. While the Court recognizes the importance of the public interest

in "access to judicial proceedings and records," *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013), in this case, the need for anonymity outweighs the public's interest.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' amended motion for leave to proceed under pseudonyms.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of May, 2023.