IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE and SUSAN ROE,<br><br>                 *Plaintiffs*,<br><br>  v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; the U.S. DEPARTMENT OF DEFENSE; the U.S. DEFENSE HEALTH AGENCY; and the TRICARE HEALTH PLAN,<br><br>                 *Defendants*. | Civil Action No.: 2:22-cv-00368-NT |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Defendants Lloyd J. Austin, III, in his official capacity as Secretary of Defense, the U.S. Department of Defense, the U.S. Defense Health Agency, and the Tricare Health Plan (collectively "Defendants") respectfully answers Plaintiffs' complaint as follows:

**PRELIMINARY STATEMENT**

    1.    Defendants admit that Jane Doe is a 21-year-old transgender woman who has been diagnosed with gender dysphoria, a serious medical condition that requires treatment, and who receives benefits through TRICARE. Defendants lack sufficient information to admit or deny the allegations set forth in the remainder of this paragraph as to Jane Doe. With respect to factual allegations in this paragraph that pertain to Plaintiff Susan Roe because she is proceeding anonymously and Defendants do not know her name, Defendants lack information sufficient to admit or deny those allegations. This paragraph further contains Plaintiffs' characterization of their Complaint and this lawsuit, to which no response is required.

1

## JURISDICTION AND VENUE

2. The allegations in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.

3. The allegations in this paragraph consist of legal conclusions, to which no response is required.

4. The allegations in this paragraph consist of legal conclusions regarding jurisdiction and Plaintiffs' characterization of their claims, to which no response is required.

5. The allegations in this paragraph consist of legal conclusions regarding venue, to which no response is required.

## THE PARTIES

6. Defendants admit that Jane Doe is a 21-year-old transgender woman but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

7. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegations in this paragraph.

8. Defendants admit that Lloyd J. Austin, III is the secretary of Defense to the United States and leads to the Department of Defense ("DoD"). The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

9. Admitted.

10. Admitted.

11. Defendants admit that Jane Doe currently receives healthcare coverage through TRICARE but lack sufficient information to admit or deny whether that is true with respect to

Susan Roe. The remainder of this paragraph is denied because TRICARE is not an independent entity, and there is no Director of TRICARE. The Defense Health Agency (DHA), under the direction of its Director, Lieutenant General Telita Crosland, is responsible for managing the TRICARE program, including promulgation of regulations that define the scope of TRICARE benefits and coverage.

## STATEMENT OF FACTS

12. Admitted.

13. Admitted.

14. The allegations in the first sentence consists of legal conclusions, to which no response is required. The remainder of this paragraph is admitted to the extent it accurately quotes from a portion of a federal statute.

15. Admitted to the extent this paragraph accurately quotes portions of two federal regulations.

16. Admitted to the extent this paragraph accurately quotes language excerpted from the TRICARE Policy manual.

17. Admitted.

18. Defendants admit that gender dysphoria is a serious medical condition that can require treatment, and further admit that the AMA and the APA recognize that gender transition surgeries are one form of treatment that may be medically necessary treatment for gender dysphoria, depending on the particular circumstances of each patient. The allegations in the last sentence consist of legal conclusions, to which no response is required.

19. Defendants admit the first sentence. The allegations in the second sentence consists of legal conclusions, to which no response is required.

20. Denied.

21. The first sentence is admitted to the extent the term "gender identity" is referring to one's internalized, inherent sense of their own gender. The second, third and fourth sentence are admitted.

22. Admitted to the extent that, if unaddressed, the incongruence between a transgender person's birth-assigned sex and one's gender identity can result in gender dysphoria, a serious medical condition characterized by clinically significant and persistent distress and discomfort with one's assigned birth sex.

23. Admitted.

24. Admitted.

25. Admit that gender dysphoria can be addressed through medical treatment. Defendants further admit that the American Medical Association, the American Psychological Association, and American Psychiatric Association have endorsed such care.

26. Admit that treatment in accordance with the standard of care may include individually tailored and medically supervised gender transition. Further admit that this paragraph accurately summarizes a portion of the WPATH standards.

27. Defendants admit that individuals with gender dysphoria may experience a range of psychological symptoms such as anxiety, depression, suicidality, and other attendant mental health issues and that treatment may ease or address those symptoms.

28. Admitted.

29. The allegations in this paragraph consist of legal conclusions, to which no response is required.

30.     Defendants admit that surgeries for gender transition may include surgical procedures undergone by a transgender individual to better align their primary or secondary sex characteristics with their gender identity. Defendants further admit that gender transition surgeries may be medically necessary, depending on the circumstances of the patient and an appropriate physician's determination of the level of treatment required.

31.     With respect to the first and second sentences of this paragraph, Defendants admit that gender dysphoria is a serious medical condition that can require treatment, and further admit that the AMA and the APA recognize that gender transition surgeries are one form of treatment that may be medically necessary treatment for gender dysphoria, depending on the particular circumstances of each patient. The remaining allegations in the first and second sentences consist of legal conclusions, to which no response is required. With respect to the third and forth sentences of this paragraph, Defendants admit that they accurately quote certain portions of documents from the AMA and APA, but Defendants refer the Court to the full documents for a full and complete statement of their contents.

32.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

33.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

34.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

35.     Admitted.

36.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

37. Defendants lack sufficient information to admit or deny the allegations in this paragraph.  However, on information and belief, Jane started prescriptions of Sprironolactone, used as a testosterone blocker, in April 2018 and Estradiol, an estrogen steroid hormone, in June 2018.  On information and belief, Jane Doe has also been prescribed Progesterone, which is another female hormone medication, since 2019.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph.  However, on information and belief, Jane Doe has continued regular prescriptions of Estradiol until June 2022 and Progesterone until September 2022.  Jane Doe's last prescription for Sprironolactone of which Defendants are aware was in October 2020.

39. Defendants admit that they previously provided coverage for counseling and HRT, but there have not been recent claims.  On information and belief, Jane Doe is now covered by a Blue Cross Blue Shield – Maine policy, which is the primary insurance where Jane Doe would need to first submit claims for medical care; and TRICARE is secondary to potentially cover the expenses not covered by the primary insurance.

40. Defendants admit that TRICARE coverage was denied to Jane Doe for laser hair removal and electrolysis. To the extent this paragraph asserts that Defendants improperly denied coverage for laser hair removal and electrolysis treatment for Jane Doe, those allegations consist of legal conclusions, to which no response is required. Defendants lack information sufficient to admit or deny the circumstances under which Plaintiff may have obtained alternative coverage.

41. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

42. Defendants admit that Jane Doe did not seek authorization from TRICARE for facial feminization or voice feminization. Defendants lack information sufficient information to admit or deny the remaining allegations in this paragraph.

43. Defendants lack information sufficient to admit or deny the allegations in this paragraph.

44. Admitted.

45. Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph. The second sentence of this paragraph is admitted.

46. Admitted.

47. Defendants admit that TRICARE has denied vaginoplasty for Jane Doe. Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph.

48. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

49. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

50. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

51. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

52. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

53. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

54. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

55. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

56. Because Susan Roe is proceeding anonymously and Defendants do not know her identity, Defendants lack information sufficient to admit or deny the allegation.

57. The allegations in this paragraph consist of legal conclusions, to which no response is required.

### COUNT I
### (Fifth Amendment – Equal Protection)

58. Defendants restate and incorporate by reference the responses contained in all proceeding paragraphs.

59. The allegations in this paragraph consist of legal conclusions, to which no response is required.

60. The allegations in this paragraph consist of legal conclusions, to which no response is required.

61. The allegations in this paragraph consist of legal conclusions, to which no response is required.

62. The allegations in this paragraph consist of legal conclusions, to which no response is required.

63. The allegations in this paragraph consist of legal conclusions, to which no response is required.

## COUNT II
### (Fifth Amendment – Due Process)

64. Defendants restate and incorporate by reference the responses contained in all proceeding paragraphs.

65. The allegations in this paragraph consist of legal conclusions, to which no response is required.

66. The allegations in this paragraph consist of legal conclusions, to which no response is required.

67. The allegations in this paragraph consist of legal conclusions, to which no response is required.

## COUNT III
### (Rehabilitation Act)

68. Defendants restate and incorporate by reference the responses contained in all proceeding paragraphs.

69. The allegations in this paragraph consist of legal conclusions, to which no response is required.

70. The allegations in this paragraph consist of legal conclusions, to which no response is required.

71. The allegations in this paragraph consist of legal conclusions, to which no response is required.

72. The allegations in this paragraph consist of legal conclusions, to which no response is required.

73. The allegations in this paragraph consist of legal conclusions, to which no response is required.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint.

Defendants deny all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

Dated: June 8, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JOSHUA E. GARDNER
Special Counsel

  /s/ *Lee Reeves*
EMILY B. NESTLER (D.C. Bar # 973886)
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005

*Counsel for Defendants*