IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE and SUSAN ROE,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; the U.S. DEPARTMENT OF DEFENSE; the U.S. DEFENSE HEALTH AGENCY; and the TRICARE HEALTH PLAN,<br><br>    *Defendants*. | Civil Action No.: 2-22-cv-00368-NT |

**THE PARTIES' SUPPLEMENTAL FILING SETTING FORTH MATTERS REQUIRED BY LOCAL RULE 56**

Pursuant to Local rule 56 (h), the parties supplement their Joint Motion Setting Forth a Proposed Summary Judgment Briefing Schedule (Dkt. No. 22) to provide additional required information related to their intention to file cross-motions for summary judgment.

1. **Bases for Proposed Cross-Motions for Summary Judgment.**

    A.  Plaintiffs' Bases.

Plaintiffs are two transgender women who receive health benefits through the United States military's healthcare plan as dependents of their fathers, each of whom served for more than two decades. Both Plaintiffs have been diagnosed with gender dysphoria, a serious medical condition that requires treatment in accordance with authoritative medical standards of care. They have been denied critical medical care pursuant to 10 U.S.C. § 1079(a)(11)[1] which

---

[1] 10 U.S.C. § 1079 (a)(11) excludes from coverage for dependents of military personnel: "Surgery which improves physical appearance but is not expected to significantly restore functions (including mammary augmentation, face lifts, and sex gender changes) . . ."

1

defendants interpret to mandate the categorical exclusion of all surgical treatments for gender transition in the military's medical coverage for eligible dependents of servicemembers. Plaintiffs' summary judgment motion will argue that: (1) In order to avoid the statute's serious constitutional infirmities, the Court should employ the doctrine of constitutional avoidance and rule that medical care determined on an individualized basis to be medically necessary and standard of care surgical treatment for a patient's diagnosed gender dysphoria are not within the scope of the statutory exclusion. (2) The exclusion violates the Equal Protection Clause of the Fifth Amendment because it classifies, facially and as applied to the Plaintiffs, based on sex, transgender status, and disability and cannot survive scrutiny under a heightened, or any other, level of review. (3) The defendants' denial of surgical treatments to the Plaintiffs discriminates against them on the basis of their disability (i.e., gender dysphoria) in violation of the federal Rehabilitation Act, 29 U.S. C. § 794.

  B. <u>Defendants' Bases</u>.

Defendants expect that their summary judgment motion will contend that Plaintiffs cannot meet their burden of establishing that the alleged exclusion of certain procedures in 10 U.S.C. § 1079 violates the Due Process Clause of the Fifth Amendment or violates the Rehabilitation Act, 29 U.S.C. § 794.

  **2.** **<u>Request to Exceed Page Limit in Local Rule 7(d).</u>**

In order to address the important statutory and constitutional issues in this case, the parties request that the Court permit them each to file a memorandum of law not exceeding 35 pages.

3. **Stipulations of Fact and Estimated Number of Additional Facts.**

The parties anticipate filing a Stipulation of Facts setting forth approximately 50 facts. Plaintiffs anticipate filing approximately 100 additional statements of material fact which will include facts related to the general history of each Plaintiffs' diagnosis and treatment. Defendants do not currently anticipate filing any additional statements of material fact.

Dated: November 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
JOSHUA E. GARDNER
Special Counsel

By:    */s/ Emily Nestler*
EMILY B. NESTLER (D.C. Bar #973886)
LEE REEVES
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005

*Counsel for Defendants*

By:    */s/ Kayla Grant*
ORRICK, HERRINGTON, & SUTCLIFFE LLP

Kayla Grant (Maine Bar No. 006711)
Shane McCammon
1152 15th Street, N.W.
Washington, D.C. 20005-1706
T: (202) 339-8400
F: (202) 339-8500
kgrant@orrick.com
smcammon@orrick.com

3

Seth Harrington
222 Berkeley Street
Suite 2000
Boston, MA 02116
T: (617) 880-1800
F: (617) 880-1801
sharrington@orrick.com

By:     */s/* Bennett H. Klein
GLBTQ LEGAL ADVOCATES & DEFENDERS
Bennett H. Klein
bklein@glad.org
18 Tremont Street
Suite 950
Boston, MA 02108
T: (617) 426-1350
F: (617) 426-3594

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

On November 3, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Maine, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Emily B. Nestler*
EMILY B. NESTLER