IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE and SUSAN ROE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; the U.S. DEPARTMENT OF DEFENSE; the U.S. DEFENSE HEALTH AGENCY; and the TRICARE HEALTH PLAN,<br><br>*Defendants*. | Civil Action No.: 2-22-cv-00368-NT |

**PLAINTIFFS JANE DOE AND SUSAN ROE'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(b), Plaintiffs Jane Doe and Susan Roe submit the following statement of undisputed facts to supplement the Parties' Stipulation of Facts (Doc. 34-1).

**A. Supplemental Facts Related to Surgical Treatment of Gender Dysphoria.**

1. Without treatment, many people with gender dysphoria are unable to adequately function in occupational, social, or other areas of life, and they experience a range of debilitating physical and mental symptoms. Affidavit of Randi Ettner, Ph.D. ("Ettner Aff.") ¶ 18; Doc. 34-3, # 222.

2. Gender dysphoria is highly treatable, and it can be ameliorated or cured through medical treatment. Ettner Aff. ¶ 19; Doc. 34-3, # 222.

3. A key component of medical treatment for people with gender dysphoria is to live, function in society, and be regarded by others consistent with their gender identity. Ettner Aff. ¶ 24; Doc. 34-3, # 225.

1

4. Medically necessary surgical treatments for gender dysphoria are for the purpose of ameliorating the debilitation of gender dysphoria and allowing the individual to live and function in society consistent with their gender identity. Affidavit of Loren S. Schechter, M.D. ("Schechter Aff.") ¶¶ 20, 26; Doc. 34-2, # 148, 150.

5. The goal of gender confirmation surgeries is to bring a person's body into better alignment with their gender identity. Schechter Aff. ¶ 14; Doc. 34-2, # 146.

6. Surgical procedures for the treatment of gender dysphoria include surgical procedures to better align a transgender individual's primary or secondary sex characteristics with their gender identity. Schechter Aff. ¶ 20; Doc. 34-2, # 148.

7. The World Professional Association for Transgender Health's ("WPATH") Standards of Care ("SOC") provide that effective treatment options for gender dysphoria include various surgical procedures to align a person's primary and/or secondary sex characteristics with the person's gender identity. Schechter Aff. ¶ 17; Doc. 34-2, # 147.

8. In addition to WPATH, the Endocrine Society (the leading professional organization devoted to research on hormones and the clinical practice of endocrinology) has also issued clinical guidelines for the treatment of transgender people, which recognize that gender confirming surgeries often are necessary and effective treatments of gender dysphoria. Schechter Aff. ¶ 18; Doc. 34-2, # 148.

9. Surgical procedures for gender dysphoria are safe, effective, and medically accepted. Schechter Aff. ¶¶ 15, 29; Doc. 34-2, # 147, 151.

10. The WPATH Standards of Care are the internationally recognized guidelines for the treatment of gender dysphoria, and they have been endorsed by authoritative medical and mental health organizations. Ettner Aff. ¶ 22; Doc. 34-3, # 223.

11. The broader medical community and authoritative medical organizations, including the American Medical Association, recognize that surgical treatments for gender dysphoria are safe, effective standard-of-care treatments for a serious medical condition and are not cosmetic. Schechter Aff. ¶ 19; Doc. 34-2, # 148 and Ettner Aff. ¶ 22; Doc. 34-3, # 223.

12. The medical community and insurance providers recognize a distinction between surgery which is medically necessary and cosmetic surgery, which is generally not. Schechter Aff. ¶ 24; Doc. 34-2, # 150.

13. The underlying diagnosis and purpose of the surgery determine whether a surgical procedure is considered medically necessary or cosmetic. Schechter Aff. ¶ 24; Doc. 34-2, # 150.

14. Medically necessary surgical treatments for gender dysphoria are not cosmetic because they do not have the goal of enhancing beauty or appearance. Ettner Aff. ¶ 26; Doc. 34-3, # 225.

15. When performing gender confirmation surgeries, surgeons use many of the same procedures they use to treat other medical conditions. For example, mastectomies and chest/breast reconstruction, hysterectomies/salpingo-oophorectomies (which includes removal of the fallopian tubes and ovaries), and orchiectomies commonly treat individuals with cancer or a genetic predisposition to cancer. Surgical procedures also reconstruct external genitalia for individuals after certain medical conditions such as cancer, surgical removals as discussed above, and/or traumatic injuries or disabling infections to the genitalia. In addition, facial reconstruction procedures often follow traumatic injury. Schechter Aff. ¶¶ 30-31; Doc. 34-2, # 151 and Ettner Aff. ¶ 32; Doc. 34-3, # 229.

### B. Facts Related to the Plaintiffs.

16. Plaintiff Jane Doe is 22 years old and has been enrolled in TRICARE since approximately 2002 as a dependent of her father who served for more than two decades in the United States military. Jane Doe Aff. ("Doe Aff.") ¶¶ 2-4; Doc. 34-4, # 245.

17. After she completes school in May 2024, Jane Doe will continue to be eligible for TRICARE through the TRICARE Young Adult Program. Doe Aff. ¶ 4; Doc. 34-4, # 245.

18. Jane Doe is a transgender woman. Although she was assigned the sex of male at birth, she has known since the age of 11 or 12 that she is female. Doe Aff. ¶ 3 (please note numbering error in affidavit); Doc. 34-4; # 245.

19. Jane Doe was diagnosed with gender dysphoria in 2018 at the age of 17. Doe Aff. ¶ 4 (please note numbering error in affidavit); Doc. 34-4, # 245.

20. Jane Doe has undergone medically recommended and necessary treatment for gender dysphoria, including medically necessary gender transition surgeries that are excluded by TRICARE. Doe Aff. ¶¶ 5-9; Doc. 34-4, # 246.

21. Jane Doe's medical treatment for gender dysphoria is ongoing. However, the continuing exclusion in Section 1079(a)(11) remains a complete barrier to coverage for any additional surgeries she will need. Doe Aff. ¶ 10; Doc. 34-4, # 247.

22. If the exclusion in Section 1079(a)(11) were eliminated, Jane Doe would utilize TRICARE coverage for any additional gender transition surgeries. Doe Aff. ¶ 11; Doc. 34-4, # 247.

23. Plaintiff Susan Roe is 21 years old, and her father served for more than two decades in the United States military. Affidavit of Susan Roe ("Roe Aff.") ¶¶ 2-3; Doc. 34-5, # 248.

24. Susan Roe was enrolled in TRICARE as a dependent of her father until she took a leave of absence from school starting in April 2023. As of November 2023, Susan Roe has been enrolled in TRICARE Young Adult. When Susan returns to school full-time in the first half of 2024, she will again be eligible for and intends to re-enroll in TRICARE as a dependent of her father. Roe Aff. ¶¶ 4-5 (please note numbering errors in affidavit); Doc. 34-5, # 248-49.

25. Susan Roe is a transgender woman. Although she was assigned the sex of male at birth, she has a female gender identity. Roe Aff. ¶ 5 (please note numbering error in affidavit); Doc. 34-5, # 249.

26. Susan Roe was diagnosed with gender dysphoria in 2022. Roe Aff. ¶ 6; Doc. 34-5, # 249.

27. Susan Roe has undergone medically recommended and necessary treatment for gender dysphoria including a surgical procedure in August 2023. At that time, she was not enrolled in TRICARE. Roe Aff. ¶¶ 7-11; Doc. 34-5, # 249.

28. Susan Roe's need for medical treatment of gender dysphoria continues. She will need additional surgeries as medically necessary treatment for her gender dysphoria. Roe Aff. ¶ 11, Doc. 34-5, # 249.

29. The exclusion of gender transition surgeries in TRICARE health benefits coverage is a complete barrier to coverage for the additional gender transition surgeries that Susan Roe needs. Roe Aff. ¶ 11; Doc. 34-5, # 249.

30. If the exclusion in Section 1079(a)(11) were lifted, Susan Roe would utilize TRICARE coverage for those medically necessary gender transition surgeries. Roe Aff. ¶ 12; Doc. 34-5; # 249.

Dated: December 21, 2023                    Respectfully submitted,

By:     */s/ Kayla Grant*
ORRICK, HERRINGTON, & SUTCLIFFE LLP

Kayla Grant (Maine Bar No. 006711)
Shane McCammon
1152 15th Street, N.W.
Washington, D.C. 20005-1706
T: (202) 339-8400
F: (202) 339-8500
kgrant@orrick.com
smcammon@orrick.com

Seth Harrington
222 Berkeley Street
Suite 2000
Boston, MA 02116
T: (617) 880-1800
F: (617) 880-1801
sharrington@orrick.com

By:     */s/ Bennett H. Klein*
GLBTQ LEGAL ADVOCATES & DEFENDERS
Bennett H. Klein
bklein@glad.org
18 Tremont Street
Suite 950
Boston, MA 02108
T: (617) 426-1350
F: (617) 426-3594

*Counsel for Plaintiffs*