IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE and SUSAN ROE,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; the U.S. DEPARTMENT OF DEFENSE; the U.S. DEFENSE HEALTH AGENCY; and the TRICARE HEALTH PLAN,<br><br>    *Defendants.* | Civil Action No.: 2:22-cv-00368-NT |

**DEFENDANTS' OPPOSING STATEMENT OF MATERIAL FACTS AND
SUPPORTING STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56(b)–(c) and the Court's Local Rule 56(h) Order, Doc. 29, Defendants Lloyd J. Austin, in his official capacity as Secretary of Defense; the United States Department of Defense; the United States Defense Health Agency; and the TRICARE Health Plan ("Defendants" or "DoD") hereby respond to Plaintiffs Jane Doe and Susan Roe's Statement of Undisputed Facts in support of their motion for summary judgment, Doc. 37.[1] Any admissions in this response are made for purposes of summary judgment only. *See* Local Rule 56(g).

**A. Responses to Plaintiffs' Statement of Supplemental Facts Related to Surgical Treatment of Gender Dysphoria.**

1. <u>Plaintiffs' Statement</u>**:** Without treatment, many people with gender dysphoria are unable to adequately function in occupational, social, or other areas of life, and they experience a range

---

[1] Defendants do not submit any additional undisputed material facts beyond (1) those asserted in the Parties' Stipulation of Facts, Doc. 34-1, and (2) those admitted to or qualified in this statement.

1

of debilitating physical and mental symptoms. Affidavit of Randi Ettner, Ph.D. ("Ettner Aff.") ¶ 18; Doc. 34-3, # 222.

**RESPONSE:** Qualified.  Defendants admit that, without treatment, some people with gender dysphoria are unable to adequately function in occupational, social, or other areas of functioning, and that some people with gender dysphoria who do not receive treatment may experience debilitating physical and mental symptoms.  Parties' Stipulation of Facts ("Stip.") ¶ 39–40; Doc. 34-1, # 140.

    2.  <u>Plaintiffs' Statement</u>**:** Gender dysphoria is highly treatable, and it can be ameliorated or cured through medical treatment. Ettner Aff. ¶ 19; Doc. 34-3, # 222.

**RESPONSE:** Qualified.  Defendants admit that medical treatment for gender dysphoria can be effective in addressing the clinically significant distress or impairment in functioning created by gender dysphoria by helping people who are transgender live in alignment with their gender identity.  Stip. ¶ 21; Doc. 34-1, # 137.

    3.  <u>Plaintiffs' Statement</u>**:** A key component of medical treatment for people with gender dysphoria is to live, function in society, and be regarded by others consistent with their gender identity. Ettner Aff. ¶ 24; Doc. 34-3, # 225.

**RESPONSE:** Qualified.  Defendants admit that medical treatment for gender dysphoria can be effective in addressing the clinically significant distress or impairment in functioning created by gender dysphoria by helping people who are transgender live in alignment with their gender identity.  Stip. ¶ 21; Doc. 34-1, # 137.

    4.  <u>Plaintiffs' Statement</u>**:** Medically necessary surgical treatments for gender dysphoria are for the purpose of ameliorating the debilitation of gender dysphoria and allowing the individual to

2

live and function in society consistent with their gender identity. Affidavit of Loren S. Schechter, M.D. ("Schechter Aff.") ¶¶ 20, 26; Doc. 34-2, # 148, 150.

**RESPONSE:** Qualified. Defendants admit that surgical treatments are a component of medical treatment for gender dysphoria that are medically necessary for some individuals based on the particular circumstances of that individual. Stip. ¶ 29; Doc. 34-1, # 138. Defendants further admit that gender-affirming surgeries may include certain surgical procedures undergone by a transgender individual to better align their body with their gender identity and that for some individuals with gender dysphoria, gender-affirming surgeries are medically necessary to treat impairments in social, occupational, or other important areas of functioning resulting from that person's gender dysphoria. Stip. ¶ 30, 39; Doc. 34-1, # 138, 140.

 5. Plaintiffs' Statement**:** The goal of gender confirmation surgeries is to bring a person's body into better alignment with their gender identity. Schechter Aff. ¶ 14; Doc. 34-2, # 146.

**RESPONSE:** Admitted.

 6. Plaintiffs' Statement**:** Surgical procedures for the treatment of gender dysphoria include surgical procedures to better align a transgender individual's primary or secondary sex characteristics with their gender identity. Schechter Aff. ¶ 20; Doc. 34-2, # 148.

**RESPONSE:** Admitted.

 7. Plaintiffs' Statement**:** The World Professional Association for Transgender Health's ("WPATH") Standards of Care ("SOC") provide that effective treatment options for gender dysphoria include various surgical procedures to align a person's primary and/or secondary sex characteristics with the person's gender identity. Schechter Aff. ¶ 17; Doc. 34-2, # 147.

**RESPONSE:** Admitted.

8. <u>Plaintiffs' Statement</u>**:** In addition to WPATH, the Endocrine Society (the leading professional organization devoted to research on hormones and the clinical practice of endocrinology) has also issued clinical guidelines for the treatment of transgender people, which recognize that gender confirming surgeries often are necessary and effective treatments of gender dysphoria. Schechter Aff. ¶ 18; Doc. 34-2, # 148.

**RESPONSE:** Qualified. Defendants admit that the Endocrine Society is a well-established professional organization that has issued clinical guidelines for the treatment of transgender people, and that according to those guidelines, the number and type of interventions to treat gender dysphoria may differ from person to person. Stip. ¶¶ 23, 27; Doc. 34-1 # 137–38.

9. <u>Plaintiffs' Statement</u>**:** Surgical procedures for gender dysphoria are safe, effective, and medically accepted. Schechter Aff. ¶¶ 15, 29; Doc. 34-2, # 147, 151.

**RESPONSE:** Qualified. Defendants admit that surgical procedures for gender dysphoria may be safe, effective, and medically necessary for some individuals based on the particular circumstances of that individual. Stip. ¶ 31; Doc. 34-1, # 138.

10. <u>Plaintiffs' Statement</u>**:** The WPATH Standards of Care are the internationally recognized guidelines for the treatment of gender dysphoria, and they have been endorsed by authoritative medical and mental health organizations. Ettner Aff. ¶ 22; Doc. 34-3, # 223.

**RESPONSE:** Qualified. Defendants admit that the WPATH Standards of Care have been recognized by certain organizations, including the American Medical Association and the Endocrine Society, as representing the consensus of the medical and mental health community regarding the appropriate treatment for gender dysphoria. Stip. ¶ 23; Doc. 34-1, # 137.

11. <u>Plaintiffs' Statement</u>**:** The broader medical community and authoritative medical organizations, including the American Medical Association, recognize that surgical treatments for

gender dysphoria are safe, effective standard-of-care treatments for a serious medical condition and are not cosmetic. Schechter Aff. ¶ 19; Doc. 34-2, # 148 and Ettner Aff. ¶ 22; Doc. 34-3, # 223.

**RESPONSE:** Qualified. Defendants admit that much of the medical community, including well-established medical organizations, recognize that surgical treatments for gender dysphoria are medically necessary for some individuals based on the particular circumstances of that individual. Stip. ¶ 29; Doc. 34-1, # 138.

12. <u>Plaintiffs' Statement</u>**:** The medical community and insurance providers recognize a distinction between surgery which is medically necessary and cosmetic surgery, which is generally not. Schechter Aff. ¶ 24; Doc. 34-2, # 150.

**RESPONSE:** Qualified. Defendants admit that much of the medical community and some insurance providers make a distinction between surgery which is medically necessary and surgery that is cosmetic.

13. <u>Plaintiffs' Statement</u>**:** The underlying diagnosis and purpose of the surgery determine whether a surgical procedure is considered medically necessary or cosmetic. Schechter Aff. ¶ 24; Doc. 34-2, # 150.

**RESPONSE:** Admitted.

14. <u>Plaintiffs' Statement</u>**:** Medically necessary surgical treatments for gender dysphoria are not cosmetic because they do not have the goal of enhancing beauty or appearance. Ettner Aff. ¶ 26; Doc. 34-3, # 225.

**RESPONSE:** Qualified. Defendants admit that medically necessary surgical treatments for gender dysphoria are not cosmetic to the extent that such treatments have the goal of treating impairments in social, occupational, or other areas of functioning resulting from a person's gender dysphoria. Stip. ¶ 39; Doc. 34-1, # 140.

15. <u>Plaintiffs' Statement</u>**:** When performing gender confirmation surgeries, surgeons use many of the same procedures they use to treat other medical conditions. For example, mastectomies and chest/breast reconstruction, hysterectomies/salpingo-oophorectomies (which includes removal of the fallopian tubes and ovaries), and orchiectomies commonly treat individuals with cancer or a genetic predisposition to cancer. Surgical procedures also reconstruct external genitalia for individuals after certain medical conditions such as cancer, surgical removals as discussed above, and/or traumatic injuries or disabling infections to the genitalia. In addition, facial reconstruction procedures often follow traumatic injury. Schechter Aff. ¶¶ 30-31; Doc. 34-2, # 151 and Ettner Aff. ¶ 32; Doc. 34-3, # 229.

**RESPONSE:** Admitted.

### B. Responses to Plaintiffs' Statement of Facts Related to the Plaintiffs.

16. <u>Plaintiffs' Statement</u>**:** Plaintiff Jane Doe is 22 years old and has been enrolled in TRICARE since approximately 2002 as a dependent of her father who served for more than two decades in the United States military. Jane Doe Aff. ("Doe Aff.") ¶¶ 2-4; Doc. 34-4, # 245.

**RESPONSE:** Admitted.

17. <u>Plaintiffs' Statement</u>**:** After she completes school in May 2024, Jane Doe will continue to be eligible for TRICARE through the TRICARE Young Adult Program. Doe Aff. ¶ 4; Doc. 34-4, # 245.

**RESPONSE:** Defendants lack sufficient information to admit or deny these facts, which call for speculation about future events, and which also are not material to resolving the instant cross-motions.

18. <u>Plaintiffs' Statement</u>**:** Jane Doe is a transgender woman. Although she was assigned the sex of male at birth, she has known since the age of 11 or 12 that she is female. Doe Aff. ¶ 3 (please note numbering error in affidavit); Doc. 34-4; # 245.

**RESPONSE:** Qualified.  Defendants admit that Jane Doe is a transgender woman who was assigned the sex of male at birth and identifies as female.  Defendants lack sufficient information to admit or deny the remaining facts in this paragraph, which also are not material to resolving the instant cross-motions.  Defendants admit that this paragraph describes Jane Doe's testimony.

19. <u>Plaintiffs' Statement</u>**:** Jane Doe was diagnosed with gender dysphoria in 2018 at the age of 17. Doe Aff. ¶ 4 (please note numbering error in affidavit); Doc. 34-4, # 245.

**RESPONSE:** Qualified.  Defendants admit that Jane Doe has been diagnosed with gender dysphoria.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which also are not material to resolving the instant cross-motions.  Defendants admit that this paragraph describes Jane Doe's testimony.

20. <u>Plaintiffs' Statement</u>**:** Jane Doe has undergone medically recommended and necessary treatment for gender dysphoria, including medically necessary gender transition surgeries that are excluded by TRICARE. Doe Aff. ¶¶ 5-9; Doc. 34-4, # 246.

**RESPONSE:** Qualified.  Defendants admit that Jane Doe has undergone medically recommended and necessary treatment for gender dysphoria, some of which has been covered by TRICARE and some of which is excluded from coverage under TRICARE.  Defs.' Answer ¶ 39–41; Doc. 19, # 101.

21. <u>Plaintiffs' Statement</u>**:** Jane Doe's medical treatment for gender dysphoria is ongoing. However, the continuing exclusion in Section 1079(a)(11) remains a complete barrier to coverage for any additional surgeries she will need. Doe Aff. ¶ 10; Doc. 34-4, # 247.

7

**RESPONSE:** Qualified. Defendants lack sufficient information to admit or deny the statements in the first sentence of this paragraph, which also are not material to resolving the instant cross-motions. Defendants admit that the first sentence of this paragraph describes Jane Doe's testimony. The assertion in the second sentence is not a statement of fact but rather assumes a legal conclusion.

22. <u>Plaintiffs' Statement</u>**:** If the exclusion in Section 1079(a)(11) were eliminated, Jane Doe would utilize TRICARE coverage for any additional gender transition surgeries. Doe Aff. ¶ 11; Doc. 34-4, # 247.

**RESPONSE:** Defendants lack sufficient information to admit or deny the facts asserted in this paragraph, which call for speculation about future events in a hypothetical situation.

23. <u>Plaintiffs' Statement</u>**:** Plaintiff Susan Roe is 21 years old, and her father served for more than two decades in the United States military. Affidavit of Susan Roe ("Roe Aff.") ¶¶ 2-3; Doc. 34-5, # 248.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony.

24. <u>Plaintiffs' Statement</u>**:** Susan Roe was enrolled in TRICARE as a dependent of her father until she took a leave of absence from school starting in April 2023. As of November 2023, Susan Roe has been enrolled in TRICARE Young Adult. When Susan returns to school full-time in the first half of 2024, she will again be eligible for and intends to re-enroll in TRICARE as a dependent of her father. Roe Aff. ¶¶ 4-5 (please note numbering errors in affidavit); Doc. 34-5, # 248-49.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony. In addition, Defendants note that the third sentence of this paragraph calls for speculation about future events.

25.  **Plaintiffs' Statement:** Susan Roe is a transgender woman. Although she was assigned the sex of male at birth, she has a female gender identity. Roe Aff. ¶ 5 (please note numbering error in affidavit); Doc. 34-5, # 249.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony.

26.  **Plaintiffs' Statement:** Susan Roe was diagnosed with gender dysphoria in 2022. Roe Aff. ¶ 6; Doc. 34-5, # 249.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony.

27.  **Plaintiffs' Statement:** Susan Roe has undergone medically recommended and necessary treatment for gender dysphoria including a surgical procedure in August 2023. At that time, she was not enrolled in TRICARE. Roe Aff. ¶¶ 7-11; Doc. 34-5, # 249.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe

is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony.

28. <u>Plaintiffs' Statement</u>**:** Susan Roe's need for medical treatment of gender dysphoria continues. She will need additional surgeries as medically necessary treatment for her gender dysphoria. Roe Aff. ¶ 11, Doc. 34-5, # 249.

**RESPONSE:** Defendants lack sufficient information to admit or deny the allegations in this paragraph, which also are not material to resolving the instant cross-motions, because Susan Roe is proceeding anonymously and Defendants do not know her identity. Defendants admit that this paragraph describes Susan Roe's testimony.

29. <u>Plaintiffs' Statement</u>**:** The exclusion of gender transition surgeries in TRICARE health benefits coverage is a complete barrier to coverage for the additional gender transition surgeries that Susan Roe needs. Roe Aff. ¶ 11; Doc. 34-5, # 249.

**RESPONSE:** The assertion in this paragraph is not a statement of fact but rather assumes a legal conclusion.

30. <u>Plaintiffs' Statement</u>**:** If the exclusion in Section 1079(a)(11) were lifted, Susan Roe would utilize TRICARE coverage for those medically necessary gender transition surgeries. Roe Aff. ¶ 12; Doc. 34-5; # 249.

**RESPONSE:** Defendants lack sufficient information to admit or deny the statements in this paragraph, which call for speculation about future events in a hypothetical situation.

Dated: February 16, 2024                    Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General
                                            Civil Division

                                            EMILY B. NESTLER
                                            Assistant Director
                                            Civil Division

                                            By: */s/ Zachary W. Sherwood*
                                            ZACHARY W. SHERWOOD
                                            Trial Attorney (Indiana Bar No. 37147-49)
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street NW
                                            Washington, D.C. 20005
                                            zachary.w.sherwood@usdoj.gov
                                            (202) 616-8467

                                            *Counsel for Defendants*

11