IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*,<br><br>　　　　　　　*Defendants*. | Case No.: 2:22-cv-00368-NT |

**[PROPOSED] INTERVENOR-DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Intervenor-Defendant the United States House of Representatives respectfully answers Plaintiffs' Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.　With respect to the factual allegations in this paragraph that pertain to Plaintiffs Jane Doe and Susan Roe, Intervenor-Defendant lacks sufficient information to admit or deny those allegations. This paragraph also contains Plaintiffs' characterization of their Amended Complaint, this lawsuit, and a federal statute, to which no response is required.

**JURISDICTION AND VENUE**

2.　The allegation in this paragraph consists of a legal conclusion regarding jurisdiction, to which no response is required.

3.　The allegation in this paragraph consists of a legal conclusion, to which no response is required.

4.　The allegations in this paragraph consist of legal conclusions and Plaintiffs' characterization of their claims, to which no response is required.

1

5. The allegation in this paragraph consists of a legal conclusion regarding venue, to which no response is required.

## THE PARTIES

6. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

7. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

8. Intervenor-Defendant admits that Lloyd Austin, III, is the Secretary of Defense. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

9. Intervenor-Defendant admits the allegations in this paragraph.

10. Intervenor-Defendant admits the allegations in this paragraph.

11. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph pertaining to Jane Doe and Susan Roe. Intervenor-Defendant denies the remaining allegations in this paragraph.

## STATEMENT OF FACTS

12. Intervenor-Defendant admits the allegations in this paragraph.

13. Intervenor-Defendant admits the allegations in this paragraph.

14. The allegation in the first sentence consists of a legal conclusion, to which no response is required. Intervenor-Defendant admits the rest of the paragraph to the extent it accurately quotes a portion of a federal statute.

15. Intervenor-Defendant admits this paragraph to the extent it accurately quotes portions of two federal regulations.

16. Intervenor-Defendants admits this paragraph to the extent it accurately quotes language excerpted from the TRICARE Policy Manual.

17. Intervenor-Defendant admits the allegations in this paragraph.

18. Intervenor-Defendant denies the allegations in this paragraph.

19. Intervenor-Defendant admits the allegation contained in the first sentence of this paragraph and denies the allegation set forth in the second sentence of this paragraph.

20. Intervenor-Defendant denies the allegation in this paragraph.

21. Intervenor-Defendant denies the allegations in this paragraph.

22. Intervenor-Defendant denies the allegations in this paragraph.

23. Intervenor-Defendant admits that gender dysphoria is recognized in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition, and the World Health Organization's International Classification of Diseases. The remainder of the paragraph states an opinion to which no response is required.

24. Intervenor-Defendant denies the allegation in this paragraph.

25. Intervenor-Defendant admits that the WPATH Standards of Care for the Health of Transgender and Gender Diverse People (Version 8) contains recommendations related to the treatment of gender dysphoria. Intervenor-Defendant denies the remaining allegations in this paragraph.

26. Intervenor-Defendant admits that this paragraph accurately summarizes a portion of the WPATH standards.

27. Intervenor-Defendant admits the existence of psychological symptoms, including mental health issues.

28. Intervenor-Defendant denies the allegations in this paragraph.

29. Intervenor-Defendant denies the allegations in this paragraph.

30. Intervenor-Defendant denies the allegations in this paragraph.

31. Intervenor-Defendant admits that this paragraph accurately quotes certain portions of documents from the AMA and APA and denies the remaining allegations in this paragraph.

32. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

33. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

34. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

35. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

36. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

37. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

38. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

39. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

40. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

41. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

42. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

43. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

44. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

45. Intervenor-Defendant admits that the second sentence of this paragraph accurately describes some vaginoplasties. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph.

46. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

47. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

48. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

49. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

50. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

51. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

52. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

53. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

54. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

55. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

56. Intervenor-Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

57. Intervenor-Defendant denies the allegations in this paragraph.

## COUNT I
### (Fifth Amendment-Equal Protection)

58. Intervenor-Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

59. The allegations in this paragraph consist of legal conclusions, to which no response is required.

60. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

61. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

62. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

63. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

## COUNT II[1]
**(Fifth Amendment - Due Process)**

64. Intervenor-Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

65. The allegations in this paragraph consist of legal conclusions, to which no response is required.

66. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

67. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

## COUNT III
**(Rehabilitation Act)**

68. Intervenor-Defendant restates and incorporates by reference the responses contained in all preceding paragraphs.

69. The allegations in this paragraph consist of legal conclusions, to which no response is required.

70. The allegations in this paragraph consist of legal conclusions, to which no response is required.

71. Intervenor-Defendant lacks sufficient information to admit or deny the factual allegations pertaining to Jane Doe and Susan Roe. The rest of the paragraph consists of legal conclusions, to which no response is required.

---

[1] While the parties stipulated to the dismissal with prejudice of Counts II and III of the Amended Complaint, Intervenor-Defendant nonetheless responds here to the paragraphs in those counts, primarily to maintain consistency between the Amended Complaint and the Answer with respect to the numbering of paragraphs.

72. Intervenor-Defendant lacks sufficient information to admit or deny the factual allegations pertaining to Jane Doe and Susan Roe. The rest of the paragraph consists of legal conclusions, to which no response is required.

73. Intervenor-Defendant disagrees with the legal conclusions set forth in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations contained in the remaining paragraphs of the Amended Complaint and opposes all requested relief.

Intervenor-Defendant denies all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed required.

## INTERVENOR-DEFENDANT'S AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs lack standing. Plaintiffs' alleged injuries are not redressable by their requested relief.

2. The Amended Complaint fails to state a claim upon which relief can be granted because the exclusion of surgeries for "sex gender change" set forth in 10 U.S.C. § 1079(a)(11), both on its face and as applied to Plaintiffs, is consistent with the Equal Protection component of the Due Process Clause of the Fifth Amendment.

Dated: December 13, 2024

Respectfully submitted,

*/s/ Matthew B. Berry*
Matthew B. Berry (D.C. Bar No. 1002470)
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
   *Deputy General Counsel*
Bradley Craigmyle (IL Bar No. 6326760)
   *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Matthew.Berry@mail.house.gov

*Counsel for the U.S. House of Representatives*