IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 2:22-cv-00368-NT |
| LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*, | |
| *Defendants*. | |

**NOTICE FROM THE U.S. HOUSE OF REPRESENTATIVES THAT ITS INTERVENTION MOTION IS NOT MOOT AFTER STIPULATED DISMISSAL**

The U.S. House of Representatives (House) respectfully notifies the parties and the Court that the stipulated dismissal (ECF No. 65) does not moot the pending motion to intervene (ECF No. 60). Rather, as explained below, this Court has the obligation to decide that motion. The motion should be briefed under the default schedule set out in the Local Rules, and once it is ripe, the Court must issue a decision on the merits.

**1.** The House moved to intervene on December 13, just four days after learning that the Department of Justice (DOJ) no longer planned to defend the statute at issue in this case, 10 U.S.C. § 1079(a)(11). The House intervened to protect its interest in defending the constitutionality of the law it passed. This Court's decision (ECF No. 58) on the constitutionality of that statute also implicates a provision in the National Defense Authorization Act for Fiscal Year 2025 (NDAA) that restricts coverage of interventions for the treatment of gender dysphoria that could result in the sterilization of a minor. *See* ECF 60 at 7. The NDAA has now passed both chambers and awaits the President's signature. All said, the House has a significant interest in defending the constitutionality of § 1079(a)(11).

But just a week after the House moved to intervene, the parties filed a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). This presumably means they have reached a settlement agreement. And the House is unaware of any steps that DOJ plans to take to appeal or otherwise vacate this Court's adverse decision. The House is thus the last line of defense here.

**2.** This Court has the authority to rule on the merits of the House's motion to intervene. Although the House is unaware of any First Circuit decision addressing this exact issue, other circuits have held that a party may intervene *after* a stipulated dismissal, meaning the district court has the power (and duty) to decide the intervention motion on the merits.[1]

As the D.C. Circuit explained in *Brewer*, a stipulated dismissal deprives the district court of jurisdiction because there's no live controversy. 863 F.3d at 869 ("The absence of a live controversy, then, not any special feature of a stipulated dismissal, is what deprives the district court of continuing jurisdiction.").[2] This means that any action the district court can take after dismissing a case as moot, "such as substituting an adverse party for a non-adverse party," can also be taken after a stipulated dismissal. *Id.* If the Court grants the House's motion, it would be effectively substituting an adverse party (the House) for a non-adverse party (DOJ). The Court thus has the duty to decide the motion.[3]

---

[1] *See Odle v. Flores*, 899 F.3d 342, 343 (5th Cir. 2017) (per curiam) (holding that "[t]he district court has jurisdiction to consider the would-be intervenors' motion" after it entered a Rule 41(a)(1) stipulated dismissal); *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 n.5 (5th Cir. 2016) ("Our caselaw does not forbid intervention as of right in a jurisdictionally and procedurally proper suit that has been dismissed voluntarily."); *In re Brewer*, 863 F.3d 861, 870 (D.C. Cir. 2017) ("[I]f a motion to intervene can survive a case becoming otherwise moot, then so too can a motion to intervene survive a stipulated dismissal."); *see also CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 475 (4th Cir. 2015) ("We find more persuasive the reasoning of those courts [the Third, Tenth, and Eleventh Circuits] holding that dismissal of the underlying action does not automatically moot a preexisting appeal of the denial of a motion to intervene."). The Fourth Circuit's analysis depended on its ability to provide relief to the would-be intervenor. *See Wynne*, 792 F.3d at 475 ("[W]hen the motion to intervene is made while the controversy is live and the subsequent disposition of the case does not provide the relief sought by the would-be intervenors …, we can provide an effective remedy on appeal and therefore have jurisdiction."). It is thus irrelevant that there is no pending appeal of the House's motion to intervene because this Court can provide an effective remedy: granting the motion, which would, at a minimum, allow the House to appeal.

[2] The court in *Brewer* explained that "aside from its immediate effectiveness, [stipulated dismissal] is no different in jurisdictional effect from a dismissal by court order." 863 F.3d at 869. And the First Circuit has considered the merits of an intervention motion in a case that was dismissed by a court order. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 632, 637-41 (1st Cir. 1989) (reviewing the merits of the district court's decision to deny intervention even though the district court had granted a motion to enter a consent judgment).

[3] *See DeOtte v. State*, 20 F.4th 1055, 1067 (5th Cir. 2021) ("[A]s one court put it, '[i]ntervention can overcome the apparent [mootness] problem.'" (second and third alterations in original) (quoting *Brewer*, 863 F.3d at 868)); *Odle*, 899 F.3d at 344

If the Court grants the House's motion, there would then be a live controversy between two adverse parties. As a party, the House could, for example, move for relief under Rule 60(b). If the Court granted that motion, the House could move for summary judgment and brief the merits issues that DOJ declined to brief. If the Court denied that motion, the House could appeal that decision.[4] At a minimum, the House's interest in appealing this Court's adverse decision would keep the case alive after intervention.[5] The House is injured when a judicial decision impairs its ability to legislate; it thus has standing to appeal this Court's decision that found a federal statute unconstitutional as applied to Plaintiffs.[6]

Other district courts have recognized the unfair prejudice that parties cause a would-be intervenor when they stipulate to dismissal while an intervention motion is pending. They have thus relied on their equitable authority to consider the intervention motion on the merits.[7]

**3.** If the Court has any doubts about its ability to decide the House's motion, it should receive briefing from the House and the parties before ruling. The House stands ready and willing to provide that briefing.

---

("We VACATE the district court's order denying intervention on jurisdictional grounds and REMAND for further proceedings. The motion for leave to intervene should be considered under Rule 24 [even though the parties had stipulated to dismissal].").

[4] *See, e.g.*, *Alternative Rsch. & Dev. Found. v. Veneman*, 262 F.3d 406, 410 (D.C. Cir. 2001) (per curiam) (explaining the would-be intervenor would have standing to appeal a Rule 60(b) denial if the court concluded intervention was appropriate).

[5] *Cf. Brewer*, 863 F.3d at 870; *DeOtte*, 20 F.4th at 1067 (holding there was a live controversy in an otherwise-moot case because the would-be intervenor wanted to vacate a district court order).

[6] *See, e.g.*, *INS v. Chadha*, 462 U.S. 919, 940 (1983); *Ameron, Inc. v. U.S. Army Corps of Eng'rs*, 787 F.2d 875, 888 n.8 (3d Cir. 1986).

[7] *See Eli Lilly & Co. v. Synthon Lab'ys, Inc.*, 538 F. Supp. 2d 944, 947 (E.D. Va. 2008) ("There may indeed be circumstances where an intervenor could and should be treated as a *de facto* party and the Court might invoke equitable principles to estop the stipulating parties from invoking a rule which would prejudice the rights of a party whose motion to intervene is pending."); *Fleet Cap. Corp. v. Merco Joint Venture, LLC*, No. 02 CV 0279 (ILG), 2002 WL 31528633, at *3 (E.D.N.Y. Sept. 3, 2002) ("However, the Court finds that Fleet's voluntary dismissal unfairly prejudices Bombardier. If this action is dismissed, Bombardier's motion for intervention will be rendered moot. … The Court perceives no reason, and Fleet has presented none, to so prejudice Bombardier's rights. Accordingly, the Court addresses below Bombardier's motion for intervention, and, because it finds intervention appropriate, grants the motion *nunc pro tunc* to … the date the motion was fully submitted to the Court.").

3

Respectfully submitted,

*/s/ Matthew B. Berry*
Matthew B. Berry (D.C. Bar No. 1002470)
    *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
    *Deputy General Counsel*
Bradley Craigmyle (IL Bar No. 6326760)
    *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Matthew.Berry@mail.house.gov

*Counsel for the U.S. House of Representatives*

December 22, 2024

4