IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE and SUSAN ROE,<br><br>*Plaintiffs*,<br><br>v.<br><br>LLOYD J. AUSTIN, III, in his official capacity as Secretary of Defense; the U.S. DEPARTMENT OF DEFENSE; the U.S. DEFENSE HEALTH AGENCY; and the TRICARE HEALTH PLAN,<br><br>*Defendants*. | Civil Action No.: 2-22-cv-00368-NT |

**PLAINTIFFS JANE DOE AND SUSAN ROE'S RESPONSE AND OBJECTION TO NOTICE FILED BY THE U.S. HOUSE OF REPRESENTATIVES**

Plaintiffs Jane Doe and Susan Roe submit this response to the Notice from the U.S. House of Representatives (the "House") that its Intervention Motion is Not Moot After Stipulated Dismissal. ECF No. 66.

1. A plaintiff has the right to end a lawsuit. Fed. R. Civ. P. 41(a)(1)(A)(ii). Invoking this rule, the parties to this case filed a Stipulation of Dismissal with prejudice (the "Stipulation") on December 20, 2024. ECF No. 65. Despite this, the House of Representatives demands this Court take the unprecedented step of forcing Plaintiffs to continue litigating against their will. The Court should deny the House's "notice" because, irrespective of the merits of the House's motion to intervene—of which there are none—this action no longer remains live.

Although the First Circuit has not decided the issue, "[c]ourts have generally held that the absence of a live controversy resulting from the voluntary dismissal terminates subject-matter jurisdiction and moots an outstanding and undecided motion to intervene." *Dalglish v. Eldredge Lumber & Hardware, Inc.*, No. 2:20-cv-00231-JDL, 2021 U.S. Dist. LEXIS 228999 at *5 (D.

1

Me. Nov. 29, 2021). Although "[o]ther courts have arrived at the opposite conclusion," *id.* at *6, even those courts which have permitted decisions on motions to intervene post-dismissal have recognized that such circumstances are exceptional, *see, e.g.*, *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 (5th Cir. 2016) (rejecting idea that "intervention is *always* improper after a case has been dismissed") (emphasis added), and have not involved would-be defendant intervenors, *see infra* ¶ 2. This principle makes sense: as one court observed in a different context, it "is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice." *Shepard v. Egan*, 767 F.Supp.1158, 1165 (D. Mass. 1990) (questioning whether the court could or should "require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it[,]" and holding it would "not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice"). Similarly, there is no legal principle, including in any case cited by the House, that justifies the perverse outcome of compelling Plaintiffs here to navigate a labyrinth of continued, indefinite legal proceedings when they have properly concluded this litigation.

    2.   The Stipulation was self-executing and effective upon filing. As this Court has noted, "'the dismissal resulting from that stipulation require[s] no court order to effectuate the dismissal; such notices are "self-effectuating."'" *Dalglish*, 2021 U.S. Dist. LEXIS 228999 at *4 (D. Me. Nov. 29, 2021) (quoting *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F.App'x 688, 704 (6th Cir. 2021)). Further, "[a] stipulated dismissal signed by the parties is effective upon filing even when a motion to intervene is pending because 'the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted.'" *Id.*; *See id.* (citing additional cases).

3.  Even in the rare circumstances when courts have exercised jurisdiction to decide a motion to intervene post-dismissal, Plaintiffs are not aware of a single instance where, as here, a plaintiff would be forced back into a case to continue litigating against their will in disregard of a properly executed Rule 41(a)(1)(A)(ii) stipulation. The cases cited by the House involve would-be *plaintiff* intervenors who sought to be added as new and different plaintiffs after the original plaintiffs were dismissed. None of the cases involve would-be *defendant* intervenors forcing an unwilling plaintiff to continue litigating the matter.

For example, in *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469 (4th Cir. 2015), the individuals seeking to intervene sought to do so as plaintiffs. After the district court denied their motions to intervene, they appealed; shortly thereafter, the parties agreed to dismiss the district court action and moved to also dismiss the would-be intervenors' appeal. *Id*. at 473. In concluding that the court had jurisdiction over the appeal, the appellate court explained that "in many cases, the resolution of an action between the original parties is not determinative of the defendant's liability with respect to *other* potential plaintiffs." *Id*. at 475 (emphasis added). The court further noted that if it reversed the denial of the motions to intervene, the would-be intervenors could pursue their claims against the defendant independent of the plaintiff's settled case. *Id*. at 476. Such a situation is a far cry from the scenario before this Court, where Plaintiffs would be compelled to remain in active litigation as outlined by the House. ECF No. 66 at 3. The other cases cited by the House are similarly inapposite. *See, e.g.*, *Odle v. Flores*, 899 F.3d 342, 343, 683 F. App'x 288, 288 (5th Cir. 2017) (involving would-be plaintiff intervenors); *Sommers*, 835 F.3d at 513 n.4-5 (where would-be intervenor argued that a settlement agreement between the plaintiff and defendant could prevent him from litigating against the defendant in the future); *Fleet Capital Corp. v. Merco Joint Venture, LLC*, No. 02 CV 0279 (ILG), 2002 U.S. Dist.

LEXIS 19949 at *5-8, *13-14 (E.D.N.Y. Sep. 3, 2002) (where—after a scheduled hearing on the motion of proposed plaintiff/intervenor was postponed by agreement to allow for global settlement discussion—plaintiff filed a notice of dismissal even though there was no settlement with the proposed intervenor; court found unfair prejudice and so granted the intervention motion *nunc pro tunc* to the date the motion was fully submitted to the court, finding no prejudice to the plaintiff whose case was dismissed).[1]

In addition, several of the cases cited by the House involved putative class actions, which are governed by different rules and policy considerations not at issue here. For example, in *Harrington v. Sessions (In re Brewer)*, 863 F.3d 861 (D.C. Cir. 2017), the sole named plaintiff filed a petition for interlocutory review following denial of class certification, but subsequently stipulated to a voluntary dismissal of the action while the petition was pending. *Id*. at 865-67. That same day, four individuals filed motions to intervene to consider pursuing the petition for interlocutory review—three of whom the court described as "presumably hav[ing] standing to seek" relief. *Id*. at 867. In finding it had jurisdiction to hear a motion to intervene in the interlocutory petition, the court highlighted special considerations relevant to class actions, noting that "a previously absent class member may have a sufficient interest to appeal the denial

---

[1] Although the would-be intervenor in *Eli Lilly & Co. v. Synthon Labs., Inc.*, 538 F.Supp.2d 944, 945 (E.D. Va. 2008) sought to intervene as a defendant (both before and after a stipulated dismissal between the plaintiff and defendant), the plaintiff in that case was already engaged in litigation against the would-be intervenor in a parallel proceeding pending in a different court—and thus was differently positioned from Plaintiffs here, whose only litigation on the statute in question has been this case, who have never sought to litigate against the House, and for whom the stipulated dismissal ends all involvement in litigation related to this matter. Moreover, while the court in *Eli Lilly & Co. v. Synthon Labs, Inc.* observed there "*may* indeed be circumstances where an intervenor could and should be treated as a *de facto* party and the Court might invoke equitable principles to estop the stipulating parties from invoking a rule which would prejudice the rights of a party whose motion to intervene is pending[,]" *id*. at 947 (emphasis added), it declined to do so in that case.

4

of a motion for class certification even if the named plaintiff does not appeal[,]" and expressing concern that "a class action defendant could simply 'buy off' the individual private claims of the named plaintiffs in order to defeat the class litigation, a strategy the Supreme Court has said 'would frustrate the objectives of class actions' and 'waste . . . judicial resources[.]'" *Id*. at 870 (internal quotations omitted). *See also Odle v. Flores*, 899 F.3d 342, 344, 683 F. App'x 288, 289 (5th Cir. 2017) (remanding case to district court to consider motion to intervene filed by putative class members after the named plaintiffs and defendant stipulated to the dismissal of plaintiffs' claims).

Finally, the House incorrectly implies that the First Circuit's decision in *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989) supports its claim that a court has subject-matter jurisdiction to decide a motion to intervene after the entry of judgment. *See* ECF No. 66 at 2 n.2. To the contrary, the proceedings in the district court in *Dingwell* involved a ruling on a motion to intervene before the entry of judgment.[2] *Dingwell* is wholly irrelevant to the question of whether a district court retains jurisdiction when a dismissal has been filed prior to any consideration of a motion to intervene. Similarly, in *DeOtte v. Nevada*, 20 F.4th 1055 (5th Cir. 2021), the district court first denied Nevada's motion to intervene and then entered final judgment. *Id*. at 1063.

---

[2] *Dingwell* was a consolidated appeal of two lawsuits among four groups of plaintiffs relating to responsibility for the costs of cleanup of a hazardous waste site. *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989). In the first case, the district court dismissed a declaratory judgment complaint. *Id*. at 632. In the second case, "[i]n a separate order issued the same day, the district court denied the insurers' motions to intervene . . . and [then] granted [the parties'] motion for entry of a consent judgment [after a settlement agreement had been reached]." *Id*. It is clear the district court had jurisdiction when it heard and adversely decided the motion to intervene, which was followed by the consent decree.

There was no question in that case over whether the district court had jurisdiction to decide the motion to intervene.[3]

4. Even if the Court were to consider the House' Motion to Intervene, which it should not, this Court should reject intervention because the House distorts the proceedings in this case and does not come close to stating an adequate basis for intervention. 28 U.S.C. § 530D establishes two triggers for the Legislative Branch to seek to intercede when the Executive Branch declines to defend the constitutionality of a federal statute.[4]  Neither statutory trigger has occurred here.

First, the House's assertion that the Department of Justice (the "DOJ") did not defend 10 U.S.C. Section 1079(a)(11) against Plaintiffs' constitutional challenge is flatly wrong. DOJ argued for the dismissal of Plaintiffs' facial and as-applied constitutional challenges. *See, e.g.*, Defs.' Opp'n to Pls.' Mot. For Summ. J. (ECF No. 44 at 3-4). Its argument on summary judgment resulted in the dismissal of Plaintiffs' facial claim. DOJ specifically argued that a federal regulation required the dismissal of Plaintiffs' as-applied challenge. And it moved to

---

[3] In *DeOtte*, a new U.S. Supreme Court case made the underlying case moot during the pendency of the appeal. *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021). On appeal, the Fifth Circuit considered the merits of the district court's denial of the motion to intervene in order to determine its *own* "jurisdiction to vacate" the district court's decision on an injunction. *Id*. at 1066.

[4] That statute requires, in relevant part, that "[t]he Attorney General shall submit to the Congress a report of any instance in which the Attorney General or any officer of the Department of Justice . . . (B) determines . . . (ii) to refrain (on the grounds that the provision is unconstitutional) from defending or asserting, in any judicial . . . proceeding, the constitutionality of any provision of any Federal statute, rule, regulation, program, policy, or other law, or not to appeal or request review of any judicial, administrative, or other determination adversely affecting the constitutionality of any such provision." 28 U.S.C. § 530D(a)(1)(B)(ii).

strike the supplemental affidavit of Plaintiffs' expert on the issue of that regulation.[5] The House's misleading characterization of the litigation of this case is, at best, an expression of its disagreement with DOJ's litigation strategy. That is not a basis for the Legislative Branch to override the role of the Executive Branch. Second, the provision in 28 U.S.C. § 530D relating to an appeal is inapplicable here as there has been no entry of final judgment in this case.[6]

For the foregoing reasons, this Court does not have subject-matter jurisdiction over the House's Motion to Intervene.

Dated: December 30, 2024           Respectfully submitted,

By:   /s/ Kayla Grant
ORRICK, HERRINGTON, & SUTCLIFFE LLP
Kayla Grant (Maine Bar No. 006711)
Shane McCammon
2100 Pennsylvania Ave, NW
Washington, D.C. 20036
T: (202) 339-8400
F: (202) 339-8500
kgrant@orrick.com
smcammon@orrick.com

Robert Shwarts
405 Howard Street
San Francisco, CA 94105-2669
T: 415-773-5760
rshwarts@orrick.com

By:   /s/ Bennett H. Klein
GLBTQ LEGAL ADVOCATES & DEFENDERS
Bennett H. Klein

---

[5] *See also* Defs.' Opp'n to Pls.' Mot. For Summ. J. (ECF No. 44 at 4) ("the sole issue . . . [is] whether [Section] 1079(a)(11) itself necessarily violates the Constitution's equal protection guarantee (it does not).")

[6] The House also asserts that it has a legal interest justifying intervention in this case due to the recent passage of a provision prohibiting TRICARE from covering certain medications for the treatment of gender dysphoria in minors. ECF No. 60 at 7. That statute is separate and distinct from 10 U.S.C. Section 1079 (a)(11) and is not at issue in this case. It cannot provide a basis for the House to intervene in this litigation.

bklein@glad.org
18 Tremont Street
Suite 950
Boston, MA 02108
T: (617) 426-1350
F: (617) 426-3594

*Counsel for Plaintiffs*